IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOLENE NICOLE SOLOMON, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 2:22-cv-69 |
| ) | |
| v. ) | |
| ) | Magistrate Judge Patricia L. Dodge |
| WARDEN VENANGO COUNTY ) | |
| PRISON and DISTRICT ATTORNEY ) | |
| OF VENANGO COUNTY, ) | |
| ) | |
| Respondents. ) | |

**MEMORANDUM**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus filed by Jolene Nicole Solomon pursuant to 28 U.S.C. § 2254. (ECF 4.) For the reasons set forth below, the Court will deny the Petition because each of Solomon's claims are procedurally defaulted and will deny a certificate of appealability.

**I.      Relevant Background**

In 2018, Solomon was charged in the Court of Common Pleas of Venango County with the crimes of Retail Theft (18 Pa. Cons. Stat. § 3929(a)(1)) and Theft by Deception (*id.* § 3922(a)(1)). The trial court granted the prosecution's motion to admit Solomon into the Accelerated Rehabilitative Disposition Program ("ARD"). In August 2018, Solomon was placed into that program for an 18-month period. The terms for her successful completion of the ARD program included that she complete any recommended drug and alcohol counseling, a shoplifter's alternative program and 50 hours of community service. (ECF 6-1 at pp. 1-3.)

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

In early February 2020, the Court Supervision Services of Venango County reported that Solomon performed none of the terms of her ARD program. (ECF 6-2 at pp. 1-5.) Following a hearing held on February 20, 2020 at which Solomon failed to appear, the trial court revoked her status as participating in the ARD program and issued a bench warrant for her arrest. (ECF 6-3 at p. 1; ECF 6-4 at pp. 1-3.)

On March 23, 2021, Solomon was arrested and housed in the Venango County Prison. Two days later, on March 25, 2021, Attorney Eden Blythe Hartman entered an appearance on Solomon's behalf and moved to schedule her arraignment for entry of a plea and sentencing on the next available date.

On May 20, 2021, Solomon pleaded guilty to the charge of Theft by Deception. The remaining count for Retail Theft was nolle prossed. On that same date, the trial court sentenced Solomon to 24 months of probation. (ECF 6-5 at p. 1.)

Solomon did not file a direct appeal or a petition for collateral relief under Pennsylvania's Post-Conviction Relief Act ("PCRA") after the trial court imposed the judgment of sentence. Instead, Solomon filed the instant Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which is the federal habeas statute applicable to individuals in custody pursuant to a state-court judgment. It permits a federal court to grant a writ of habeas corpus "on the ground that [the petitioner] is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a).[2]

---

[2] Solomon was in state custody on the date she filed the Petition. (*See* ECF 2, 4.) Thus, the Court maintains subject matter jurisdiction even if during the pendency of this habeas action she completed service of her term of probation. *See, e.g.*, *Spencer v. Kemna*, 523 U.S. 1, 6-7 (1998) (the petitioner was in custody at the time the petition was filed, "which is all the 'in custody' provision of 28 U.S.C. § 2254 requires.")

In the Petition, Solomon challenges the validity of her judgment of sentence by claiming that it was obtained in violation of her right to double jeopardy and due process. She also claims that Attorney Hartman provided her with ineffective assistance.[3]

In their Answer (ECF 6), Respondents assert that the Court must deny the Petition because Solomon procedurally defaulted her claims for failing to first litigate them in state court and that there are no grounds to permit her to avoid her default. Solomon did not file a Reply. She did file additional state court records that she maintains support her claims. (ECF 13.)

**II.    Discussion**

Under the "exhaustion doctrine," Solomon was required to raise her federal constitutional claims in state court through the proper procedures before she litigates them in a federal habeas petition. *See, e.g.*, *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997). This doctrine is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). It "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

The Supreme Court has held that a petitioner must have "invoke[d] one complete round of the State's established appellate review process[,]" to satisfy the exhaustion requirement. *Id*. In Pennsylvania, this requirement means that a petitioner in a non-capital case such as this one must have first presented every federal constitutional claim raised in his federal habeas petition to *the*

---

[3] As the Court previously advised Solomon (*see* ECF 2), to the extent that she also challenges the conditions of her confinement when she was housed at the Venango County Prison, such claims are not cognizable in a habeas action. *See, e.g., Massey v. Estock*, No. 1:20-cv-271, 2021 WL 195264, at *1 (W.D. Pa. Jan. 20, 2021) ("it has long been the rule in the Third Circuit that a state prisoner cannot challenge the conditions of confinement in a habeas action.")

*Superior Court either on direct or PCRA appeal. See, e.g.*, *Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004).

The doctrine of procedural default, like the doctrine of exhaustion, is "grounded in concerns of comity and federalism," *Coleman*, 501 U.S. at 730. It provides that an individual defaults a federal habeas claim if she: (1) failed to present it to the Superior Court and she cannot do so now because the state courts would decline to address the claim on the merits as state procedural rules (such as, for example, the state's waiver rules or the PCRA's one-year statute of limitations) bar such consideration; or (2) failed to comply with a state procedural rule when she presented the claim to the state court, and for that reason the Superior Court declined to address the federal claim on the merits. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *O'Sullivan v. Boerckel*, 526 U.S. 838, 851-56 (1999) (Stevens, J. dissenting) (describing the history of the procedural default doctrine); *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Lines v. Larkins*, 208 F.3d 153, 162-69 (3d Cir. 2000).

The first scenario is what has occurred here. As Respondents correctly point out, Solomon did not properly exhaust any of her claims because she did not raise them on appeal to the Superior Court. Because she cannot return to state court and now attempt to litigate her claims because they would be barred by state waiver rules and also by the PCRA's one-year statute of limitations, she has procedurally defaulted each of her claims.

A petitioner may avoid the default of a claim by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman*, 501 U.S. at 750. "'Cause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to [her.]" *Id.* at 753 (emphasis in original). A petitioner who defaulted a claim of trial court error may try to establish "cause" for the default by arguing that

4

trial counsel was ineffective for failing to challenge the trial court's error, or that direct appeal counsel was ineffective for failing to raise the claim on appeal. Importantly, however, to do so the petitioner must have properly exhausted that claim of counsel's ineffectiveness in state court, which Solomon did not do here. *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986); *Edwards*, 529 U.S. 451-53 (a petitioner can procedurally default the claim of trial or direct appeal counsel's ineffectiveness that he or she is relying on to establish cause to excuse the default of another claim).

A petitioner may also avoid the default of a claim by demonstrating that the federal habeas court's failure to consider it will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. This type of "gateway" actual innocence claim requires evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]" *Schlup v. Delo*, 513 U.S. 298, 316 (1995); *see, e.g.*, *Reeves v. Fayette, SCI*, 897 F.3d 154, 157 (3d Cir. 2018). The Supreme Court has cautioned that "tenable actual-innocence gateway pleas are rare[,]" *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013), and that "[t]he gateway should open only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 401 (quoting *Schlup*, 513 U.S. at 316).

There are no grounds to invoke either the "cause" and "actual prejudice" exception or the fundamental miscarriage of justice exception to the procedural default doctrine in this case. Thus, based on all of the foregoing, Solomon has procedurally defaulted each of the federal habeas claims she raised in her Petition and they are denied for that reason.

### III. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from…the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" 28 U.S.C. § 2253(c)(1)(A). It also provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable whether each of Solomon's habeas claims should be denied because they are procedurally defaulted. Accordingly, the Court will not issue a certificate of appealability on any of her grounds for relief.

### IV. Conclusion

Based on the above, the Court will deny the Petition and will deny a certificate of appealability.

An appropriate Order follows.

Date: September 19, 2023                    /s/ Patricia L. Dodge
                                            PATRICIA L. DODGE
                                            United States Magistrate Judge